R. F. MONEYMAKER, Admr. v. LUCY CALLOWAY, et al.

Eastern Section. September 15, 1928.

Petition for Certiorari denied by Supreme Court, November 23, 1928.

White & Leonard, of Knoxville, for appellant.

Johnson & Cox, Lindsay, Young & Young, Lee Price and McDermott & Meek, of Knoxville, for appellee.

PORTRUM, J. R. F. Moneymaker, as administrator of the estate of Andrew H. Moneymaker, who died November 20, 1926, instituted this as a replevin suit to recover a Chevrolet automobile in the possession of Lucy Calloway, alleging that the automobile was the property of Andrew H. Moneymaker, he having purchased the same from the dealer under a signed contract of purchase, and further alleging that to secure the twelve monthly deferred payments in the sum of $47.70 each, Andrew H. Moneymaker took out a policy of insurance, carrying twelve monthly payments of $47.70 each, and providing in case of accident, death or disability, the company would pay the unpaid monthly installments for the balance of the twelve months during which the policy ran.

It developed that Lucy Calloway paid the premium of $2.50 for this policy, but the beneficiary named in the policy was the Hudgens Motor Company, the company that sold the automobile, and the policy was taken out to secure it, or the General Motors Acceptance Corporation, the assignee of the contract of sale, the deferred payments on the automobile.

Lucy Calloway also turned in an old car on the purchase price, which was valued at the sum of $260, leaving a balance of $572.50, which was payable monthly in installments of $47.70. She paid the monthly payments falling due up until the death of Andrew H. Moneymaker, who was accidentally killed on November 20, 1926, and the car was purchased on the 25th day of August, 1926. Upon the death of Moneymaker, his insurance policy became due and the company attempted to discharge its obligation by paying the same over to the administrator upon the condition that he secure the endorsement of the General Motors Acceptance Corporation. He declined to accept it upon this condition, but claimed the funds as a part of the estate. So, this litigation having been instituted, Lucy Calloway filed an answer and a cross bill to the replevin suit, alleging the facts as above set out, claimed the policy of insurance for herself, and seeks to recover it. The General Motors Acceptance Corporation was made a party defendant, as well as the Norwich Union Indemnity Company, the insurer. The insurance company was permitted to pay the money into court, with the provision that the pleadings would be treated as an interpleader between the parties claiming the funds.

The Chancellor was of the opinion the car in question was the property of Lucy Calloway, and also Lucy Calloway was entitled to the funds arising from the insurance policy, and ordered the same paid over to the General Motors Acceptance Corporation in satisfaction of its claim, with a judgment in favor of Lucy Calloway for the balance due. From this decree the administrator has appealed to this court, complaining of the action of the Chancellor in denying him the proceeds of the insurance policy, but conceding or making no claim upon the adjudication declaring the title to the car in Lucy Calloway. The administrator's defense is that the contract whereby Lucy Calloway was to insure the life of Andrew H. Moneymaker was a wagering contract and void because Lucy Calloway had no insurable interest in the life of Andrew H. Moneymaker.

A person who has no insurable interest in the life of another cannot recover a policy of insurance upon the life of another because it is declared to be against public policy. Clement v. Insurance Company, 101 Tenn., 35, 46 S. W., 561; Bendet v. Ellis, 120 Tenn., 279, 111 S. W., 795; Quinn v. Catholic Knights, 99 Tenn., 80, 41 S. W., 343.

. The facts of this case, however, do not fall within the rule as announced in the foregoing cases. The courts have not avoided a contract of insurance as a wagering contract when the policy is made payable to a creditor, because the payment might redound to the interest of a security who had no insurable interest in the insured. That is this case. The beneficiary under the policy was the creditor, the General Motors Acceptance Corporation, and it certainly had a right to collect the policy to the extent of its debt, which was the same as the amount due upon the policy. The fact that the funds went in payment of a car owned by Lucy Calloway cannot avoid the contract between the creditor, the General Motors Acceptance Corporation, and the debtor, Andrew H. Moneymaker. If the administrator of the estate of Andrew H. Moneymaker has any claim to this money, he must work it out in one of two ways. First, he may lay claim to the car the money went to purchase, but he has abandoned this claim in this court; and, second, he may claim his intestate was secondarily, and not primarily, liable for the debt, and since his intestate paid the debt he is entitled to recover it from Lucy Calloway, for the reason she was primarily liable for the debt. No attempt has been made to show facts which would justify the court in decreeing against Lucy Calloway upon this last theory, the contention being that it is a wagering contract, which contention we hold untenable. Lucy Calloway was the sister-in-law of Andrew H. Moneymaker, and whether she has or has not an insurable interest in the life of her brother-in-law is a question this court is not called upon to answer.

However, a non-resident who is administrator of an estate in Tennessee may appeal a case upon a pauper's oath. Railroad v. Maxwell, 113 Tenn., 464, 82 S. W., 1137.

It follows that the decree of the lower court is affirmed at the cost of the appellant.

Snodgrass and Thompson, JJ., concur.